350 So.2d 127 (1977)
Eugenia P. DUNN, As Personal Representative (Administratrix) of the Estate of Walter B. Dunn, Appellant,
v.
The UPJOHN COMPANY, a Foreign Corporation, Thomas Vancel, D/B/a Shepherd's Drug Store, and Norfolk & Dedham Mutual Fire Insurance Company, a Foreign Corporation, Appellees.
No. EE-291.
District Court of Appeal of Florida, First District.
October 4, 1977.
Eric A. Lanigan of Maher & Overchuck, Orlando, for appellant.
William M. Smith of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and Frank T. Holt of Alexander, Vann & Lilly, Thomasville, Ga., for appellees.
McCORD, Chief Judge.
This appeal is from an order of the trial court dismissing the cause against appellees Thomas Vancel, d/b/a Shepherd's Drug Store, and his insurer Norfolk & Dedham Mutual Fire Insurance Company. The issue below and here on appeal is whether or not the court has jurisdiction over Vancel who is a nonresident of the State of Florida. He *128 was served with process under Florida's long-arm statute, § 48.193(1)(f)2, Florida Statutes (1975). By its order, the trial court ruled that it did not have jurisdiction over Vancel. We agree and affirm.
Eugenia P. Dunn, individually and as personal representative of the Estate of Walter B. Dunn, deceased, seeks damages against the Upjohn Company, manufacturer of a drug called Celocin and against the appellees mentioned above. There is no question raised on this appeal as to the court's jurisdiction over the Upjohn Company. Appellant alleged that the drug was a defective product; that Upjohn failed to give adequate warning of its side effects; that Celocin was a prescription drug which appellee Vancel sold to the decedent Dunn, negligently attaching a label to the prescription indicating that it was for decedent when in fact it was prescribed by the prescribing physician for the decedent's daughter; that decedent's death was caused by his consumption of the drug.
Decedent was a resident of Monticello, Florida, but owned and operated a store in Thomas County, Georgia. Decedent telephoned Vancel and advised him that he had the prescription for Celocin and would give the prescription to him when the drug was delivered to decedent at his store. Upon seeing the prescription when it was received at Vancel's store, Vancel telephoned decedent and advised that the prescription was improperly labeled because it was for decedent's daughter. Vancel typed and sent a proper label to decedent at his store.
The prescription for the drug was made for decedent's daughter by Dr. T.H. Gates, a Thomas County, Georgia, dentist. The complaint alleged that the drug was consumed by decedent in the ordinary course of commerce and use and that Vancel had on numerous other occasions sold drugs and processed prescriptions for decedent and other Florida residents. Vancel's affidavit sets forth that he is a pharmacist licensed to practice in Georgia; that he does business in Thomas County, Georgia, and has consummated no sales in Florida nor solicited any business in Florida; that he has not advertised in Florida and has made no deliveries in Florida; that decedent was a customer of his but that any purchases made by him were made in Georgia and delivered to him in Georgia; that he was billed at his store in Thomas County, Georgia.
§ 48.193, Florida Statutes (1975), provides in pertinent part as follows:
"(1) Any person, whether or not a citizen or resident of this state, who ... does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(f) Causes injury to persons ... within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
* * * * * *
2. Products ... processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury."
Were we to hold that the above statute applies to this case, such would constitute an unconstitutional application thereof. The United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), enunciated the following proposition of law:
"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to *129 subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
Subsequent decisions of various courts have turned upon the question of whether or not the defendant had minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the United States Supreme Court referred to International Shoe Company v. Washington and said:
"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."
In Wright v. Yackley, 459 F.2d 287 (9 Cir.1972), the United States Court of Appeals, Ninth Circuit, held that an Idaho court did not have jurisdiction over a South Dakota physician who gave a patient a prescription which was eventually filled in Idaho and harmed the plaintiff because the court considered that in the case of personal services, the place where the services are rendered is the critical location. The court also said that it considered public policy would be ill served if a doctor could be forced to defend wherever a patient may travel. While we consider that the filling of a prescription by a pharmacist is more in the nature of processing a product than it is a personal service, a pharmacist who fills a prescription in a foreign state and delivers it to the recipient in that state cannot reasonably be said to have purposefully availed himself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of the forum state's laws. This is true even though the pharmacist may know that the recipient is a resident of the forum state.
We agree with the aforementioned public policy statement of the United States Court of Appeals, Ninth Circuit, in Wright and consider that it would logically apply as well to a pharmacist as to a doctor. If we were to rule otherwise, any tourist visiting Florida from another state (even such a far away state as Alaska or Hawaii) for whom a prescription is filled by a Florida pharmacist could force the pharmacist to defend a suit in the visitor's home state if the pharmacist had reason to believe that such person was not a resident of Florida and if the visitor's home state had a long-arm statute like the Florida statute.
In In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220 (6 Cir.1972), the United States Court of Appeals, Sixth Circuit, said:
"An essential element of such `fairness' in our society has always been that a person is not asked to bear a special burden (such as defending in a foreign forum) unless he has done something in a purposeful manner or with such knowledge as to make his deeds the equivalent of purposeful action. The Hanson v. Denckla requirement is simply designed to avoid the situation where the `unilateral activity' of the plaintiff can drag an unsuspecting and unwilling defendant into a foreign forum."
Under the circumstances of the case sub judice, we hold that appellee Vancel did not have the requisite minimum contacts with the State of Florida to satisfy the due process requirements of International Shoe Co. v. Washington and Hanson v. Denckla.
Affirmed.
RAWLS and SMITH, JJ., concur.