360 So.2d 1328 (1978)
HARLO PRODUCTS CORPORATION, a Foreign Corporation, Appellant,
v.
J.I. CASE COMPANY, a Wisconsin Corporation, D/B/a Case Power and Equipment, Appellee.
No. JJ-450.
District Court of Appeal of Florida, First District.
August 3, 1978.
Ashby L. Camp of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Gary L. Dirlam of Gurney, Gurney & Handley, Orlando, Anthony I. Provitola, DeLand, Ronald E. Cabaniss, Orlando, Arthur M. Ossinsky, Daytona Beach, for appellee.
*1329 MILLS, Judge.
Harlo takes this interlocutory appeal from an order denying its motion to dismiss Case's amended third party complaint for lack of personal jurisdiction.
Norfolk filed a complaint against Case alleging that Case was liable to him for injuries he received when the arm of a forklift owner by Case fell on him. Case filed a third party claim against Harlo alleging that Harlo was a foreign corporation with its principal place of business in Grandville, Michigan, but doing business in Florida as the manufacturer of components of forklift vehicles used throughout Florida and that the injuries sustained by Norfolk were the result of a defective forklift component manufactured by Harlo. Harlo moved to dismiss the amended third party complaint on the ground that the amended complaint failed to allege facts showing that it was subject to personal jurisdiction of a Florida court. In support of its motion, Harlo filed an affidavit stating that it was a Michigan corporation not licensed to do business in Florida, that it did not engage in business in Florida, and that it maintained no offices, agents, employees, bank accounts, books, records, telephone listings or other business activities in Florida. Case filed a counter-affidavit stating that a component of the injury producing forklift was manufactured by Harlo and that other forklifts in its possession in Florida contained the component manufactured by Harlo. Following a hearing, Harlo's motion to dismiss was denied.
Case contends that the facts alleged in its amended complaint clearly bring it within Section 48.193(1)(f)2, Florida Statutes (1977), which states:
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
.....
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
.....
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or or use, and the use or consumption resulted in the injury."
Harlo admits that it comes within the scope of Section 48.193(1)(f)2 but that the application of this Section to the facts of this case is unconstitutional because the mere presence in Florida of Harlo's product is not sufficient contact for the assertion of personal jurisdiction over it by a Florida court. We agree and reverse.
Before a state court can acquire personal jurisdiction over a foreign corporation, the foreign corporation must have certain minimum contacts with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is necessary that there be some act by which the foreign corporation purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
In Dunn v. The Upjohn Co., 350 So.2d 127 (Fla. 1st DCA 1977), we held that a Georgia pharmacist, who filled and delivered a prescription to a Florida resident in Georgia who was injured after using the prescription in Florida, was not subject to personal jurisdiction in Florida because the pharmacist did not purposely avail himself of the privilege of conducting activities in Florida and did not have minimum contacts with Florida.
*1330 In Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977), we held that Section 48.193(1)(f)2 was unconstitutional as applied to a North Carolina automobile dealer, who serviced a car owned by Avis who later sold it at auction in Florida to a Florida resident who was injured in Florida, for the reasons set forth in the Dunn and Hanson cases.
The facts in this case, although not the same, are sufficiently similar to warrant the same result. The only allegation connecting Harlo with Florida is that it manufactured a component of forklifts which are used throughout Florida. The statements in Harlo's affidavit that it was a Michigan corporation not licensed to do business in Florida, that it did not engage in business in Florida and that it maintained no offices, agents, employees, bank accounts, books, records, telephone listings or other business activities in Florida, are unrefuted by Case. There are no allegations showing that Harlo purposely availed itself of the privilege of carrying on business activities in Florida nor that it had minimum contacts with Florida. We hold that Section 48.193(1)(f)2 is unconstitutional as applied to the facts of this case.
The interlocutory order appealed is reversed and this case is remanded for further appropriate proceedings.
McCORD, C.J., and BOYER, J., concur.