DAUKSCH, Judge.
This is an interlocutory appeal in a products liability case in which a foreign corporation challenges an order denying its motion to dismiss for lack of jurisdiction. The determinative issue is whether the third party complaint for indemnification or contribution and supporting affidavits allege sufficient facts to warrant the exercise of personal jurisdiction over appellant under the Florida Long Arm Statute relied upon, Section 48.193(l)(f)(2) (1975).[1] Finding those alleged facts to be insufficient, we reverse the denial of appellant’s motion to dismiss.
The plaintiff purchased an allegedly defective portable toilet from a department store in Hollywood, Florida and sustained personal injuries when the product collapsed during normal use. A complaint was filed naming as defendants Sears, Roebuck & Co., Inc., as the retailer, and Newman Importing Co., Inc. as the distributor. The defendants filed a third party complaint impleading the appellant, as a component parts manufacturer, for indemnification or contribution. Appellant is not a Florida corporation, nor is it otherwise licensed to do business in Florida. The appellant, in California, injected plastic into molds submitted to it by an independent plastics company and then shipped the completed plastic toilet seats to another California manufacturing company, Alfa Manufacturing Co., which assembled the seats by attaching steel legs and in turn shipped the completed product to The Newman Importing Co., a California based distributor, who distributed the product to the Sears, Roebuck & Co. in Chicago, who in turn distributed the product to the Sears, Roebuck & Co. depart *1270 ment store in Hollywood, Florida, from which the injured plaintiff purchased the product.
The statute provides that a non-resident corporate manufacturer submits itself to the jurisdiction of the courts of this state if it has caused injury to persons or property within this state arising out of its act or omission outside of this state; provided that products manufactured by it outside this state were used or consumed within this state in the ordinary course of commerce, and such , use or consumption resulted in the injury. Under the broadest interpretation, a product could fortuitously reach this state in the ordinary course of commerce without the manufacturer having any reason to anticipate this might happen; for example, where the manufacturer, through a factory outlet, sells directly to an individual who apparently is going to consume the product himself but subsequently sells it. To say that this subjects the manufacturer to the personal jurisdiction of a foreign court would offend “traditional notions of fair play and substantial justice” and thus violate due process. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
An essential element of such ‘fairness’ in our society has always been that a person is not asked to bear a special burden (such as defending in a foreign forum) unless he has done something in a purposeful manner or with such knowledge as to make his deeds the equivalent of purposeful action. In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 226 (6th Cir. 1972).
The later decision in Hanson v. Denckla [357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)], suggested the limits of the International Shoe doctrine, requiring that a defendant must have ‘purposefully avail[ed] itself of the privilege of conducting activities within the forum State if long-arm jurisdiction is to be exercised over him. In-Flight Devices Corp., supra at 225.
A broad interpretation of the present statute would render it unconstitutional since there would be no requirement of even minimal contacts with this state. Florida courts have traditionally required more than just minimal contacts. In construing Section 48.193(l)(f)(2), our courts have required a more substantial contact with Florida than the mere possibility that the product might reach this state. See Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977); Dunn v. Upjohn Co., 350 So.2d 127 (Fla. 1st DCA 1977). Most recently and the most closely in point is Harlo Products Corp. v. J. I. Case Co., 360 So.2d 1328 (Fla. 1st DCA 1978).
There the plaintiff filed a products liability action and the defendant impleaded a non-resident component parts manufacturer whose only alleged connection with Florida was the manufacturing of component parts which were ultimately used throughout Florida. The first district, consistent with its holdings in Dunn, supra, and Jack Pickard Dodge, Inc., supra, found that the application of Section 48.193(l)(f)(2) to the facts of that case would be unconstitutional because the mere presence in Florida of the non-resident’s product is not a sufficient contact for the assertion of personal jurisdiction over the non-resident by a Florida court. Cf. Hyco Manuf. Co. v. Rotex Int. Corp., 355 So.2d 471 (Fla. 3d DCA 1977).
Here the jurisdictional issue centers around the statutory phrase in the ordinary course of commerce. We also interpret the phrase in the ordinary course of commerce to mean that the non-resident must at least have some reason to anticipate that his product will reach another state in the ordinary course of interstate commerce. The manufacturer could then be said to have acted in a purposeful manner or with such knowledge as to make its deeds the equivalent of having purposefully availed itself of the privilege of conducting activities within our state. See Hanson, supra; In-Flight Devices Corp., supra.
Applying the foregoing to the present case, we find no allegation in the third party complaint that appellant knew or had any specific reason to anticipate that its product would be shipped in interstate commerce when it left appellant’s plant en *1271 route to another California manufacturer for further production. Had this and all other necessary jurisdictional facts been alleged in the third party complaint the burden would then shift to the appellant to make a prima facie showing of the inapplicability of the Long Arm statute, whereupon the third party plaintiff would be required to substantiate its allegations. See Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla.1977). In the present case the burden never shifted to appellant since the third party complaint only alleged that the defective product left appellant’s control and ultimately reached the plaintiff.
To say that the third party plaintiffs alleged sufficient jurisdictional facts under Section 48.193(l)(f)(2) is to give that statute a literal, and unconstitutional, interpretation. Although the Florida Supreme Court has upheld the constitutionality of Section 48.193(l)(f)(2) in Electro Engineering Products Co., supra, it did so as applied to facts which demonstrated a much more substantial contact with Florida than that which is alleged here.
Accordingly, we reverse the interlocutory order appealed from and remand this cause with directions to dismiss the third party complaint, without prejudice, for lack of in personam jurisdiction.
REVERSED AND REMANDED.
CROSS and LETTS, JJ., concur.

. 48.193 Acts subjecting persons to jurisdiction of courts of state.
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.