**JACKSON BIOLOGICS, INC. and Douglas Industries, Inc., Plaintiffs,**

v.

**Marvin FIELD, Defendant.**

**No. 82–506–CIV–EPS.**

United States District Court,
S.D. Florida,
Civil Division.

Nov. 10, 1982.

Henry J. Whelchel, Miami, Fla., for plaintiffs.

R. Thomas Farrar, Miami, Fla., for defendant.

### ORDER OF DISMISSAL FOR LACK OF IN PERSONAM JURISDICTION AND MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendant's Motion to Dismiss for Lack of In Personam Jurisdiction. This is an action arising out of the employment of defendant, Field, as a research biologist, for breach of contract and for negligence. The issues presented by the motion to dismiss are (1) whether plaintiffs alleged sufficient

---

facts to invoke the Florida long-arm statute; (2) if sufficient facts were indeed alleged to properly invoke the long-arm statute, must plaintiffs go further and allege sufficient minimum contacts to satisfy the requirement of due process; and (3) if in fact they are required to allege sufficient minimum contacts, did the plaintiffs do so.

Plaintiffs alleged that Jackson Biologics, Inc. was a Florida corporation with its principal place of business in Florida and that defendant had committed a tort. Plaintiffs further alleged that Douglas Industries, Inc., a successor in interest to defendant's employer, Douglas Pharmacal Industries, Inc., had leased defendant's services to Jackson Biologics.

Defendant argues that these allegations fail to invoke the Florida long-arm statute and fail to allege the requisite minimum contacts between Field and the state of Florida.

These points are at issue because this suit was originally filed in state court and later removed. Since the jurisdictional foundation of a suit relates back to the time of its filing, the valid exercise of in personam jurisdiction by the state court is essential to the viability of the suit in this court.

Plaintiffs did not expressly invoke the Florida long-arm statute. Moreover, they did not allege that the tort occurred in Florida. *See Jack Pickard Dodge, Inc. v. Yarbrough*, 352 So.2d 130 (Fla. 1st D.C.A. 1977). Plaintiffs also failed in their complaint to address the fact that defendant, a resident of Kansas, never made any trips to Florida.

■ The law in Florida requires that sufficient minimum contacts be alleged to satisfy the requirement of due process in the exercise of long-arm jurisdiction. *See Pennington Grain & Seed, Inc. v. Murrow Brothers Seed Co., Inc.*, 400 So.2d 157 (Fla. 1st D.C.A.1981); *Lakewood Pipe of Texas, Inc. v. Rubaii*, 379 So.2d 475 (Fla. 2d D.C.A. 1980); *Osborn v. University Society, Inc.*, 378 So.2d 873 (Fla. 2d D.C.A.1979).

■ Plaintiff must show that defendant purposefully availed himself of the privileges of the forum state. *See Life Laboratories, Inc. v. Valdes*, 387 So.2d 1009 (Fla. 3d D.C.A.1980); *Dunn v. Upjohn Co.*, 350 So.2d 127 (Fla. 1st D.C.A.1977); *Dinsmore v. Martin Blumenthal Associates, Inc.*, 314 So.2d 561 (Fla.1975). They failed to do so in their complaint. The complaint is therefore dismissed with leave to amend.

The defendant has requested a change of venue to the federal district court in Kansas. This Court does not find it necessary to reach that question. If, however, this action were to be refiled with the necessary jurisdictional allegations, defendant would be required by this Court to submit additional allegations regarding the hardship of conducting the trial in Florida, in accordance with the heavy burden borne by the movant for such a transfer. *See Mayer v. Development Corporation of America*, 396 F.Supp. 917 (D.Del.1975); *Ford Motor Co. v. Ryan*, 182 F.2d 329 (2d Cir.1950). Having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the motion to dismiss is GRANTED. This cause be and the same is hereby DISMISSED, with leave to amend.