462 So.2d 98 (1985)
A.J. SACKETT AND SONS COMPANY, Appellant,
v.
Lee Gary FREY and Frances Frey, Appellees.
No. 84-1667.
District Court of Appeal of Florida, Second District.
January 11, 1985.
Lynn H. Groseclose of Lane, Trohn, Clarke, Bertrand & Williams, Bradenton, for appellant.
Eugene W. Harris of Smith, Cassidy, Platt & Harris, P.A., Lakeland, for appellees.
GRIMES, Judge.
This is an appeal from a nonfinal order denying a motion to dismiss for lack of jurisdiction over the person.
Lee Frey, joined by his wife, Frances, sued A.J. Sackett and Sons Company, a Maryland corporation, for personal injuries suffered by Mr. Frey in an accident occurring on March 25, 1980, in Hardee County. The amended complaint alleged that Mr. Frey was injured as a result of a defective bulk fertilizer conditioner which was manufactured by Sackett and sold in the State of Florida on or about May 24, 1973. The Freys sought to obtain long-arm jurisdiction *99 over Sackett under section 48.182, Florida Statutes (Supp. 1970). Sackett moved to dismiss for lack of personal jurisdiction, but its motion was denied.
At the outset, Sackett argues that section 48.193, Florida Statutes (1979), is the applicable long-arm statute because Mr. Frey was not injured until 1980. Section 48.182 was repealed as of July 1, 1973, and replaced by section 48.193. Sackett's position cannot stand because our supreme court in AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975), held that the controlling date for determining the applicable long-arm statute in a breach of warranty action was when the defective product was tendered for delivery rather than when the accident occurred. Accord Griffis v. J.C. Penney Co., 333 So.2d 503 (Fla. 1st DCA 1976). Therefore, the provisions of section 48.182 are applicable to the instant case. Since the jurisdictional allegations of the amended complaint track the statute and Sackett did not contest these allegations by affidavit or other proof, jurisdiction over Sackett was properly obtained insofar as the statute was concerned. See Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977).
Notwithstanding the statute, Sackett contends that it is not constitutionally subject to Florida jurisdiction because of insufficient minimum contacts with the state. In support of its position, Sackett filed an affidavit of a corporate officer stating that it maintains no manufacturing operations or offices within the state, has no salesmen or distributors within the state and does no advertising within the state.
Sackett relies primarily upon World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In that case, New York residents who had purchased an automobile in New York later became involved in an accident in Oklahoma. They brought a products liability action in Oklahoma and included as defendants the retail auto dealer and a regional distributor. There was no evidence that either of these defendants did any business in Oklahoma or sold or sought to sell any products in that state. In reasoning that the defendants' only contact with Oklahoma arose from fortuitous circumstances, the Supreme Court held that the state's effort to exercise in personam jurisdiction over them offended the due process clause of the United States Constitution.
The facts of the instant case differ substantially from World-Wide Volkswagen Corp. By answer to interrogatory, Sackett admitted that it sold the subject bulk conditioner through an agent to a firm in Bradenton, Florida. The bulk conditioner was subsequently resold and moved to Hardee County where the accident occurred. A manufacturer who sells a piece of machinery in Florida can hardly take the position that he could not reasonably anticipate being hailed into a Florida court in a dispute over the quality of that machinery.
The Supreme Court itself in a contract action has ruled that a single transaction may be sufficient to satisfy the requirements of "minimum contacts" when the cause of action arises from the subject matter of the transaction. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 25 L.Ed.2d 223 (1957). Other courts have held in tort actions involving defective products that in personam jurisdiction over a nonresident manufacturer may be constitutionally obtained by virtue of the act of the manufacturer in delivering the offending product into the state. E.g., Continental Oil Co. v. Atwood & Morrill Co., 265 F. Supp. 692 (D.Mont. 1967); Waukesha Building Corp. v. Jameson, 246 F. Supp. 183 (W.D.Ark. 1965). We hold that a nonresident manufacturer's single sale of a product in Florida provides a sufficient minimum contact with the state to permit personal jurisdiction to be obtained over the manufacturer in a products liability action arising out of that product. Cf. Pennington Grain & Seed, Inc. v. Murrow Brothers Seed Co., 400 So.2d 157 (Fla. 1st DCA 1981) (in an action for faulty soybean seed, jurisdiction over Georgia producer *100 upheld by reason of delivery of the seed into Florida).
Affirmed.
RYDER, C.J., and CAMPBELL, JJ., concur.