481 So.2d 1304 (1986)
YALE INDUSTRIAL PRODUCTS, INC., Appellant,
v.
GULFSTREAM GALVANIZING AND FINISHING, INC., and Material Handling Systems, Inc., Appellees.
No. 85-1220.
District Court of Appeal of Florida, Fourth District.
January 29, 1986.
*1305 James A. McSwigan of Quarles & Brady, West Palm Beach, for appellant.
Bordon R. Hallowes, Jacksonville, and Philip M. Burlington and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellees.
HERSEY, Chief Judge.
Yale Industrial Products, Inc., defendant below, appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction. We have jurisdiction to review the order pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure.
The complaint alleges breach of warranty in that appellee, Gulfstream, a Florida corporation, purchased a hoist crane system from appellee, Material Handling Systems, Inc., also a Florida corporation; that Material is an agent and distributor for appellant, Yale, who manufactured the hoist crane system and whose principal place of business is in Arkansas; and that the hoist crane system manufactured by Yale was defective. The complaint further alleges damages for failed components and lost production time. It was served on Yale by service on the Secretary of State of the State of Florida.
Yale moved to dismiss the complaint on the grounds, inter alia, that Yale does not conduct business in Florida, made no sales to Material in the State of Florida and made no sales to Gulfstream. The motion was subsequently supported by an affidavit filed immediately prior to the hearing on the motion to dismiss.
The applicable long arm statute is the version in effect in 1982, at the time the product was delivered to the plaintiff. A.J. Sackett and Sons Co. v. Frey, 462 So.2d 98 (Fla.2d DCA 1985). The relevant section of that statute, against which the activities of Yale are to be measured, is section 48.193(1)(f)2, Florida Statutes (1981).
*1306 The plaintiff's complaint must contain sufficient allegations to demonstrate that the Florida court has jurisdiction over an out-of-state defendant by virtue of one or more provisions of the statute. If it does, the burden shifts to the defendant to submit proof, such as an affidavit, showing lack of jurisdiction. If such proof is submitted, the burden shifts back to the plaintiff, who must then support the allegations of the complaint by affidavits or other proof. Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978); Hyco Mfg. Co. v. Rotex Int'l Corp., 355 So.2d 471 (Fla.3d DCA 1978). However, the burden never shifts to the defendant where the allegations of the complaint are insufficient to show long arm jurisdiction, nor does it shift back to the plaintiff where the defendant fails to adequately challenge jurisdiction. Aero Mechanical Electronic Craftsman v. Parent, 366 So.2d 1268 (Fla. 4th DCA 1979); Dublin Co. v. Peninsular Supply Co., 309 So.2d 207 (Fla. 4th DCA 1975).
More specifically, it must first be determined whether jurisdiction pursuant to section 48.193(1)(f)2 has been properly alleged in the complaint. The section of the statute in question provides that an out-of-state defendant is subject to the jurisdiction of Florida courts if, by an act or omission outside the state, that defendant injures persons or property within the state, and the injury resulted from products manufactured by the defendant which were "used or consumed within this state in the ordinary course of commerce... ." Although the wording of the complaint in this case could be more specific, we conclude that it is sufficient where in essence it is alleged that defective equipment manufactured by Yale was sold to Material, which is located in Florida, and then to Gulfstream, and that the equipment caused injury to Gulfstream. (That Material's status as a distributor was not established is irrelevant to a showing of jurisdiction under this section.)
Gulfstream alleges injury in having to replace the defective equipment and in lost production time. Yale contends in its brief that the "injury to persons or property" to which the statute refers must consist of bodily injury or physical property damage. Florida case law, however, indicates that the statute should not be so narrowly interpreted. Although most of the cases in this area do involve bodily injury or physical damage, there are exceptions. For example, in Pennington Grain & Seed, Inc. v. Murrow Brothers Seed Co., 400 So.2d 157 (Fla. 1st DCA 1981), the court found jurisdiction under section 48.193(1)(f)2 where breach of warranty was alleged, in that seed sold by defendant failed to properly germinate. Thus "injury" is not confined solely to bodily injury or physical property damage, but also includes the type of damages alleged by Gulfstream.
The next question to be resolved is whether the jurisdictional allegations in the complaint were adequately challenged by defendant/appellant Yale in its affidavit.
While Yale does not deny that it accepted orders from Material and sent equipment to Material in Florida, it refutes jurisdiction on the ground that acceptance of the orders, and thus the sales contracts with Material, took effect at Yale's place of business in Arkansas and not in Florida.
Yale's position is not supported by Florida case law, which holds that the place of entering into a contract, or even the place of performance, does not necessarily determine whether a particular state has jurisdiction over a cause of action. Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981); Pennington Grain & Seed, 400 So.2d at 157. Rather, as set forth in Lacy, "the single most important factor to be considered is whether `the defendant's conduct and connection with the forum ... are such that he should reasonably anticipate being haled into court there... .'" 403 So.2d at 1054 (citation omitted).
Depending upon the facts, a single transaction by the out-of-state defendant may be enough to permit the exercise of jurisdiction *1307 in Florida. Lacy, 403 So.2d at 1054. This has been found particularly true in cases involving sales of products to Florida customers. A.J. Sackett and Sons Co. v. Frey, 462 So.2d 98 (Fla. 2d DCA 1985). In the Sackett case, as here, the machine which caused the injury was sold by the out-of-state defendant to a Florida customer, who then resold it to the Florida plaintiffs. In finding that the Florida court had jurisdiction over the defendant, the appellate court reasoned that "[a] manufacturer who sells a piece of machinery in Florida can hardly take the position that he could not reasonably anticipate being hailed [sic] into a Florida court in a dispute over the quality of that machinery." Id. at 99.
Jurisdiction over the person has been found where the out-of-state defendant has even fewer contacts with the forum state than are present here. It has been upheld, for example, where the out-of-state defendant, rather than selling its products directly to a Florida customer, sold them to another out-of-state company, which then resold them in Florida, so long as it is shown that the defendant knew its products would ultimately be shipped to this state, and particularly when the defendant is engaged in continuous, systematic activity to serve this state's market. See Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981); S.G.A. Scientific, Inc. v. Rhodes, 474 So.2d 425 (Fla. 1st DCA 1985); see also Jacobson Mfg. Co. v. Cross Mfg. Co., 396 So.2d 825 (Fla. 4th DCA 1981). Cf. Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198 (Fla. 4th DCA), rev. denied, 440 So.2d 352 (Fla. 1983); Aero Mechanical Electronic Craftsman v. Parent, 366 So.2d 1268 (Fla. 4th DCA 1979).
We therefore conclude that the Florida trial court has jurisdiction over Yale by virtue of its selling products directly to a Florida customer, Material.
We note that Yale also contests the sufficiency of service of process, contending that it could not properly be made through the Secretary of State. However, since this matter was not raised below, it has been waived for appellate purposes.
We affirm the order of the trial court denying Yale's motion to dismiss.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.