PER CURIAM.
Appellee, Phillip Stuart Herman, sued appellant, JCB, Inc., for personal injuries allegedly sustained from a defective piece of machinery manufactured by appellant. Appellant sought dismissal based on a lack of personal jurisdiction and ineffective service of process. The trial court ruled that: (1) appellee’s complaint adequately and properly alleged a basis for long arm jurisdiction under section 48.193, Florida Statutes (1989); and (2) that the service effected on appellant gave the court jurisdiction over appellant. We affirm.
Depending upon the facts, a single transaction by an out-of-state defendant may be enough to exercise jurisdiction over him in Florida. Yale Industrial Products, Inc. v. Gulfstream Galvanizing & Finishing, Inc., 481 So.2d 1304 (Fla. 4th DCA 1986). “A manufacturer who sells a piece of machinery in Florida can hardly take the position that he could not reasonably anticipate being hailed into a Florida court_” A.J. *755 Sackett and Sons Company v. Frey, 462 So.2d 98 (Fla. 2d DCA 1985).
Affirmed.