PER CURIAM.
North Star International Seafood Co., Inc. appeals an order denying its motion to dismiss for lack of long-arm jurisdiction. We affirm.
The plaintiff in the underlying personal injury action brought suit against Family
Steak House of Miami, Inc., alleging that plaintiff had contracted food poisoning after eating fish served at the restaurant. Family Steak House filed a third party claim for indemnity against its supplier, appellee Banner Beef and Seafood Co., Inc. Banner in turn filed a claim for indemnity against North Star International Seafood Co., Inc., a New York company from which Banner purchased the allegedly defective food product.
North Star filed a motion to dismiss, contending that there was no basis for long-arm jurisdiction over it. North Star’s affidavit indicated that North Star has no offices or personnel within Florida, and has no marketing scheme directed to companies in Florida, directly or indirectly. North Star stated that Banner Beef had approached North Star attempting to sell Banner products to North Star. North Star stated that Banner then placed an order with North Star for a seafood product, which North Star sold to Banner on one occasion. This one-time sale is alleged to be the source of the plaintiffs illness.
We conclude first that this transaction falls within the terms of subparagraph 48.193(l)(f)2, Florida Statutes (1989).*
Second, we conclude that the exercise of jurisdiction in this case is consistent with the requirements of the due process clause. “Depending upon the facts, a single transaction by an out-of-state defendant may be enough to exercise jurisdiction over him in Florida.” JCB, Inc. v. Herman, 562 So.2d 754 (Fla. 3d DCA 1990) (citation omitted). Here, North Star accepted Banner’s order and sold its product to Banner in Florida, which product is alleged to have caused personal injury. We see no due process impediment to Florida’s exercise of specific jurisdic *1005 tion over North Star with respect to personal injury arising from North Star’s allegedly defective product sold to a Florida buyer. See id.; A.J. Sackett and Sons Co. v. Frey, 462 So.2d 98 (Fla. 2d DCA 1985); see also Godfrey v. Neumann, 373 So.2d 920, 922 (Fla.1979); Silver v. Levinson, 648 So.2d 240, 243 (Fla. 4th DCA 1994); Yale Industrial Products Inc. v. Gulfstream Galvanizing and Finishing, Inc., 481 So.2d 1304, 1306 (Fla. 4th DCA 1986), overruled in part on other grounds, Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 993-95 (Fla.1987); Lacy v. Force V Corporation, 403 So.2d 1050, 1054-55 (Fla. 1st DCA 1981). See generally 4 American Law of Products Liability 3d § 48:49 (Timothy E. Travers et al. eds., 1987) (distinguishing specific jurisdiction from general jurisdiction); Helicopteros Nacionales de Colombia, S.A v. Hall, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868,1872 n. 8, 80 L.Ed.2d 404, 411 n. 8 (1984) (same); Suffolk Federal Credit Union v. Continental Insurance Co., 664 So.2d 1153, 1155 (Fla. 3d DCA 1995).
Affirmed.

 The statute provides, in relevant part:
48.193 Acts subjecting person to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
[[Image here]]
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
§ 48.193(l)(f)2, Fla.Stat. (1989).