# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-191
Lower Tribunal No. 18-30920
_____

**MSP Recovery Claims, Series LLC, et al.,**
Appellants,

vs.

**Coloplast Corp., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

MSP Recovery Law Firm, Robert Strongarone, Aida M. Landa, and Janpaul Portal, for appellants.

King & Spalding, LLP, Val Leppert and Austin Evans; Squire Patton Boggs (US), LLP, Andrew R. Kruppa and Amanda E. Preston, for appellees.

Carlton Fields, P.A., Joseph H. Lang, Jr., and D. Matthew Allen (Tampa); William W. Large (Tallahassee), for the Chamber of Commerce of the United States of America, the Pharmaceutical Research and Manufacturers of America, and the Florida Justice Reform Institute, as amici curiae.

Before FERNANDEZ, C.J., and MILLER, and BOKOR, JJ.

ON MOTION FOR WRITTEN OPINION

FERNANDEZ, C.J.

Upon consideration of each party's motion for a written opinion, we grant the motions, withdraw our previously issued opinion, and substitute the following in its place.

MSP Recovery Claims, Series LLC; MSPA Claims 1, LLC; Series PMPI, a designated series of MAO-MSO Recovery II, LLC; and MSP Recovery Claims Series 44, LLC (collectively, "MSP") appeals the trial court's order granting Coloplast Corp., Mentor Worldwide, LLC, and Coloplast Manufacturing US, LLC's (collectively, "Coloplast") Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law with prejudice, for lack of personal jurisdiction and failure to state a cause of action for a pure bill of discovery. Because the trial court lacked personal jurisdiction over Coloplast, we affirm the order of dismissal on the basis of personal jurisdiction without further discussion on the issue of failure to state a cause of action.

The underlying case concerns pelvic surgical mesh products designed, manufactured, and sold by Coloplast, a foreign corporation, that allegedly caused personal injury to a number of Floridians. MSP's assignors are

2

Medicare Advantage organizations and related Medicare entities (collectively, "Medicare") that provide comprehensive health care coverage for their Medicare beneficiaries ("Enrollees") throughout Florida. Medicare paid for medical care and treatment received by their Enrollees in Florida to treat injuries resulting from the implantation of pelvic surgical mesh products that occurred in Florida. MSP, the assignee, filed its Second Amended Complaint for a Pure Bill of Discovery against Coloplast seeking reimbursement of the claims paid by Medicare.

On October 8, 2021, Coloplast moved to dismiss the complaint, arguing that the trial court lacked personal jurisdiction, that MSP is not entitled to a pure bill of discovery, and that it lacked standing. After hearing oral argument, on December 10, 2021, the trial court granted the motion to dismiss, finding that the court lacked personal jurisdiction over Coloplast and that MSP failed to state a cause of action for a pure bill of discovery.

This Court reviews rulings on a motion to dismiss for lack of personal jurisdiction *de novo*. Damicet Corp. v. Sidauy, 306 So. 3d 171, 172 (Fla. 3d DCA 2020).

On appeal, MSP argues that the trial court has personal jurisdiction over Coloplast based on three provisions of the long-arm statute: section 48.193(1)(a)(6), Coloplast caused personal injury; section 48.193(1)(a)(2),

Coloplast committed torts; and section 48.193(1)(a)(1), Coloplast engaged in a business or business venture.

This case is a Medicare reimbursement case, not a personal injury action. MSP dispelled any notion of this being a personal injury action by admitting on appeal that "[e]ventually, Appellants intend to pursue recoveries for damages **sustained by the Assignors'** [sic] as a result of Appellees' defective products—**not personal injury claims on behalf of the Enrollees**." (Emphasis added). Additionally in the second amended complaint, MSP claims that "the Assignors bore the costs associated with the treatment of said injuries in Florida, causing them **financial damages**." (Emphasis added).

The basis of the cause of action is reimbursement of Medicare, in MSP's words, "damages sustained by the Assignor's [sic]." The activity in the state is injury to persons within Florida arising from Coloplast's defective products. MSP's cause of action does not substantively connect to the personal injury. See Philip J. Padovano, Fla. Prac., Civil Practice § 8:7 (2022 ed.) ("The term 'arising from' in section 48.193 means that there must be a substantive connection between the basis of the cause of action and the activity in the state."). Consistent with decisions from both Florida and the Southern District, we find that MSP seeks economic damages that do not fall

4

within section 48.193(1)(a)(6). See Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So. 2d 992 (Fla. 1987); MSP Recovery Claims, Series 44 LLC v. Great American Ins. Co., 20-24094-CIV, 2021 WL 8343191 (S.D. Fla. June 11, 2021); MSP Recovery Claims, Series LLC v. Arbella Mut. Ins. Co., 20-CV-24062-UU, 2021 WL 8343190 (S.D. Fla. Jan. 29, 2021).[1]

The analysis for the torts provision of the long-arm statute is essentially the same. Coloplast did not commit any torts against Medicare individually. MSP has admitted that it will not seek recovery for personal injury claims on behalf of the Enrollees. Therefore, there is no substantive connection between the basis of the cause of action and the activity in the state, which would be any alleged torts committed against individuals in Florida.

As to the business venture provision of the long-arm statute, MSP failed to provide facts to demonstrate personal jurisdiction on this ground in its second amended complaint. MSP also fails to mention this provision, much less provide evidence to support it, in its opposition to Coloplast's motion to dismiss. See MSP Recovery Claims, Series LLC v. Northland Ins.

---

[1] MSP cites to North Star International Seafood Company, Inc. v. Banner Beef & Seafood Company, Inc., 677 So. 2d 1003 (Fla. 3d DCA 1996), for support. Upon reading the first few sentences of the North Star opinion, the case is immediately distinguishable – "The plaintiff in the underlying personal injury action . . . ." Id. at 1004. Conversely, the case before this court is a Medicare reimbursement case, not a personal injury action.

5

<u>Co.</u>, 20-CV-24176, 2022 WL 2341158, at *2 (S.D. Fla. June 16, 2022), <u>report and recommendation adopted</u>, 20-24176-CIV, 2022 WL 3042265, n. 6 (S.D. Fla. Aug. 1, 2022) ("Plaintiff's failure to allege, in the [Second Amended Complaint], that this Court has jurisdiction under Fla. Stat. § 48.193(1)(a)(6) is reason alone to reject the argument Plaintiff now makes that this is a basis for personal jurisdiction. I also note further that the [Second Amended Complaint] does not allege facts that support jurisdiction on this ground.").

For the reasons stated, we affirm the order on appeal dismissing the second amended complaint for the trial court's lack of personal jurisdiction over Coloplast.

Affirmed.