Raymond E. BRIGHT, Plaintiff-Appellant,

v.

The GOODYEAR TIRE & RUBBER COMPANY et al., Defendants-Appellees.

No. 26043.

United States Court of Appeals, Ninth Circuit.

June 5, 1972.

---

* Honorable Damon J. Keith, United States District Judge, Eastern District of Michigan, sitting by designation.

Raymond E. Bright, in pro. per.

Noble K. Gregory (argued), John B. Bates, John A. Sutro, Jr., Walter R. Allan, of Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants-appellees.

Before CHAMBERS and KOELSCH, Circuit Judges, and WALLACE*, District Judge.

WALLACE, District Judge:

We affirm the decision of the District Court.

The sole issue appellant raises on appeal is whether the District Court erred in dismissing his first cause of action of his amended complaint against defendants under Rule 12(b) (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.[1] Appellant alleged that the appellees were guilty of wanton, reckless and malicious misconduct in failing to withdraw from the market certain defective "polyglas" tires manufactured by the appellee Goodyear Tire and Rubber Company. He had lease-purchased a new automobile manufactured by the appellee Ford Motor Company which was equipped with new "polyglas" tires manufactured by Goodyear. Two of the tires subsequently proved to be defective and one was replaced by Goodyear. Apparently fearing for his safety, appellant purchased replacement tires at a cost of $257.33, and now seeks to recover this amount plus $6,000,000.00 in exemplary damages.

Since this case was removed to the District Court on the basis of diversity of citizenship, we are governed by the substantive law of the state of California. Erie R. Co. v. Tompkins, 304 U.S.

* Hon. J. Clifford Wallace, United States District Judge, San Diego, sitting by designation.

1. By inference, appellant has waived any potential error with respect to dismissal of his second and only other cause of action, which was grounded in allegedly false representations with respect to the safety and quality of the tires in question.

64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Reich v. Purcell, 67 Cal.2d 551, 63 Cal. Rptr. 31, 432 P.2d 727 (1967).

■ Appellant does not allege that either he or his property was physically injured by the appellees' alleged wanton, reckless and malicious misconduct. The California Supreme Court has indicated that such an allegation is essential to a tort cause of action. Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965). Although the court in *Seely* was primarily concerned with distinguishing recovery in warranty from recovery under strict liability (as opposed to negligence liability) in tort, it is nevertheless clear from the decision that if the California Supreme Court had the issue now before this Court, it would so hold. *Seely* points out that there is a

> . . . distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss. . . . 63 Cal.2d at 18, 45 Cal.Rptr. at 23, 403 P.2d at 151.

and that while the law of tort permits recovery for injury to a plaintiff's person or property, ". . . the law of warranty governs the economic relations between the parties. . . ." 63 Cal.2d at 19, 45 Cal.Rptr. at 24, 403 P.2d at 152. The Court further noted that

> Even in actions for negligence, a manufacturer's liability is limited to damages for *physical injuries* and there is no recovery for economic loss alone. 63 Cal.2d at 18, 45 Cal.Rptr. at 23, 403 P.2d at 151 (emphasis supplied).

■ Thus, the allegations contained in appellant's complaint place his cause of action in the warranty rather than the tort category under California law. He alleged that "defects" had occurred "in some or all of said 'polyglas' tires," but he did not allege that he had suf-

fered any physical injury to his person or to his property, other than the tires themselves, as a result of the defects. Appellant argues that the only distinction between his action and the ordinary tort action is that he was alert enough to avert the inevitable injury from the defective product by replacing the product before an accident occurred; the facts giving rise to appellee's duties and breach thereof otherwise remain the same. However, in the absence of an allegation of physical harm to person or property, the questions of "duty" and "breach" that are peculiar to tort law are immaterial under California law. Seely v. White Motor Co., supra.

Under the circumstances, the District Court properly dismissed appellant's first cause of action for failure to state a claim upon which relief could be granted.