445 So.2d 350 (1984)
GAF CORPORATION, Appellant,
v.
The ZACK COMPANY, Appellee.
No. 82-46.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied March 7, 1984.
Thomson Zeder Bohrer Werth Adorno & Razook, and Jon W. Zeder and Sanford L. Bohrer and Richard J. Ovelmen and Charles V. Senatore, Miami, for appellant.
Britton, Cohen, Kaufman & Schantz and Frank J. Sinagra and Stuart R. Silver and Valeria A. Stott, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal from a final judgment entered upon a jury verdict in favor of the plaintiff in a products liability action sounding in negligence and breach of implied warranty. Because the plaintiff herein did not sustain any personal injuries or property damage due to the defective roofing materials sued upon and otherwise has no privity of contract with the defendant manufacturer, we hold that the plaintiff has no actionable tort or contract claims against the defendant manufacturer, and reverse the final judgment under review.
The facts of this case are as follows. The plaintiff Zack Company is a roofing contractor which installs roofs. In connection with two building projects on which it had roofing contracts, the plaintiff Zack purchased from East Coast Supply Corporation certain roofing materials which had *351 been manufactured and marketed by the defendant GAF Corporation. These materials, in turn, were installed by the plaintiff Zack upon roofs for the Howard Johnson Motor Lodge in downtown Miami, Florida and the Boca West Condominium in Boca Raton, Florida. Without dispute, the installed roofs were greatly defective in many respects on both projects. Although hotly contested below, there was sufficient evidence adduced at trial to show that the roofing materials which had been used in these roofing jobs were defective and had been negligently manufactured by the defendant GAF, thereby causing the installed roofs to be defective. Howard Johnson Motor Lodge and Boca West Condominium Association both brought actions against the plaintiff Zack based on the admittedly defective roofs installed by Zack. The Howard Johnson suit was litigated in an arbitration proceeding resulting in an arbitration award adverse to the plaintiff Zack. A final judgment confirming the arbitration award in favor of Howard Johnson was entered against the plaintiff Zack in the amount of $33,925.89; attorney's fees and certain other costs were also incurred by the plaintiff Zack in defending this arbitration proceeding. The Boca West suit was settled for $10,000; in addition, the plaintiff Zack incurred a $32,000 attorney's fee and other costs in defending this action.
The plaintiff Zack, when the above suits were completed, brought this products liability action below against the defendant GAF. It claimed, in counts sounding in negligence and breach of implied warranty, that it was held liable in the above Howard Johnson and Boca West suits because of the defective roofing materials negligently manufactured by the defendant GAF. It sought compensatory damages for its out-of-pocket expenses in paying the judgment and settlement, as well as attorney's fees and other costs in the above third-party actions; it also sought punitive damages in a separate count. The case proceeded to trial in which the above facts were established. Defense motions for a directed verdict were denied below and the jury returned a verdict in favor of the plaintiff Zack in the amount of $96,875 in compensatory damages and $600,000 in punitive damages. The defendant GAF appeals.
Without dispute, no personal injury or property damage was sustained by the plaintiff Zack or any other person as a result of the allegedly defective materials in this case. This fact, we think, is fatal to the plaintiff Zack's claims in this case, assuming without deciding that all such claims sound in tort rather than contract as urged by the plaintiff Zack. If, of course, the breach of implied warranty claim sounds in contract, as urged by the defendant GAF, this claim would be barred for lack of contractual privity between the parties herein.
The plaintiff Zack's proofs adduced at trial below established at best that it purchased certain defective roofing materials from the East Coast Supply Corporation, which materials had been negligently manufactured and marketed by the defendant GAF, that it installed these defective materials on roofing jobs in connection with two separate roofing contracts, and that it was sued in contract by third parties and was forced to pay a judgment and settlement as well as incur attorney's fees and costs due to the faulty roofs it constructed with the defective roofing materials. No one was ever personally injured due to the defective roofing materials; no one's property was ever damaged due to the defective roofing materials; and no claim was ever made below for personal injuries or property damage. This being so, the law of torts affords no cause of action for the plaintiff Zack to recover for its purely economic losses in this case. W. Prosser, Law of Torts § 101 at 665 (4th ed. 1971).
A negligence action against the defendant GAF cannot lie herein because no cognizable tort damages were sustained by the plaintiff Zack, see McIntyre v. McCloud, 334 So.2d 171, 172 (Fla.3d DCA 1976); stated differently, no personal injury or property damage was sustained by the plaintiff Zack as a result of its purchase and installation of the defective roofing materials *352 manufactured by the defendant GAF and therefore no negligence action is maintainable herein. See W. Prosser, Law of Torts § 30 at 143 (4th ed. 1971). A breach of implied warranty action against the defendant GAF also cannot lie for precisely the same reason  that is, assuming, without deciding, that the action be viewed as a tort action requiring no privity of contract as urged by the plaintiff Zack; the action, of course, would otherwise be barred for lack of contractual privity between the parties if the action be viewed as a contract action requiring privity of contract. See West v. Caterpillar Tractor Co., 336 So.2d 80, 92 (Fla. 1976).
Under no tort or contract theory known to our law, then, does the plaintiff Zack have a cause of action for negligence or breach of implied warranty against the defendant GAF for the economic losses it sustained in this case. The plaintiff Zack's sole remedy, if any, for these economic losses would be an action for breach of implied warranty of merchantability under the Uniform Commercial Code [§ 672.314, Fla. Stat. (1981)] or a related breach of contract action against the party, East Coast Supply Corporation, which sold the defective roofing materials to the plaintiff Zack  actions which were not brought below. The trial court, accordingly, committed reversible error in denying the defendant GAF's motions for directed verdict at trial as no cognizable tort or contract action was established below against the defendant GAF. As the compensatory damage award must be reversed, so too must the punitive damage award.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendant GAF as to all claims brought herein.
Reversed.