500 So.2d 688 (1987)
AFFILIATES FOR EVALUATION AND THERAPY, INC., a Florida Corporation, Appellant,
v.
VIASYN CORP., Appellee.
No. 86-271.
District Court of Appeal of Florida, Third District.
January 6, 1987.
*689 Gilbride, Heller & Brown and Dyanne E. Feinberg, for appellant.
Walton, Lantaff, Schroeder & Carson and Douglas H. Stein, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
This is an appeal from a final order dismissing three counts of a multi-count complaint against a computer manufacturer in a products liability action sounding in negligence and breach of implied warranty. Because (a) the plaintiff consumer suffered no personal injury or property damage, an essential element of the negligence action herein, and (b) the plaintiff consumer had no privity of contract with the defendant manufacturer, an essential element of the contractual breach of implied warranty action herein, we affirm the final order under review.

I
On August 1, 1985, the plaintiff consumer Affiliates for Evaluation and Therapy, Inc. [hereinafter "Affiliates"] brought a multi-count products liability action against the defendant manufacturer Viasyn Corp. [hereinafter "Viasyn"] and the defendant retailers Unicomp Corp. of America, Martin Kaplan and Ann Kaplan [hereinafter "Unicomp"] in which counts VIII through X of the complaint were the only counts pertaining to the defendant Viasyn. The complaint alleged in these aforesaid counts that in July 1984 the plaintiff Affiliates, a corporation employing approximately forty-two psychologists and psychiatrists, purchased a multi-user CompuPro 816 computer from the defendant Unicomp, which computer was manufactured by the defendant Viasyn. After delivery of the product, the computer allegedly experienced various mechanical breakdowns from August 1984 through May 1985, as a result of which the plaintiff Affiliates was required to expend thousands of man hours in working on the computer, preparing statements for its employees manually, and otherwise trying to run its business at considerable loss without a computer.
Count VIII of the complaint sounds in negligence and charges Viasyn with negligence in (a) the selection of an incompetent retailer, Unicomp, which was unable, as required, to install and maintain the subject computer, and (b) failing to take steps to repair the subject computer during the period of the computer's mechanical failure or to notify the plaintiff Affiliates that Unicomp had no expertise in installing or maintaining the said computer or in training the said plaintiff to use the computer. Counts IX and X of the complaint sound in breach of implied warranty of fitness and breach of implied warranty of merchantability *690 and allege that (a) Viasyn impliedly warranted that the computer was fit for the purpose for which it was intended and was of merchantable quality, and (b) both warranties were breached in that the subject computer experienced continual mechanical failures.
The defendant Viasyn moved to dismiss the above counts of the complaint on the ground that the negligence and breach of implied warranty counts failed to state a cause of action against it. The trial court granted this motion and dismissed the action against the defendant Viasyn on the authority of GAF Corp. v. Zack Co., 445 So.2d 350 (Fla.3d DCA), pet. for review denied, 453 So.2d 45 (Fla. 1984), concluding that (1) the negligence count alleged no personal or property damage suffered by the plaintiff Affiliates, an essential element of this action, and (2) the breach of implied warranty counts alleged (a) no personal or property damage, or (b) no contractual privity between the plaintiff Affiliates and the defendant Viasyn, one or the other of which was an essential element of these actions. This appeal follows.

II
The plaintiff Affiliates candidly acknowledges that GAF Corp. directly controls the instant case and fully supports the trial court's ruling. It is urged, however, that GAF Corp. was wrongly decided in that it conflicts with settled authority from both the Florida Supreme Court and the District Courts of Appeal in Florida, and, consequently, should be receded from; it is also urged that the alleged conflicting Florida authorities mandate a reversal in this case. The defendant Viasyn disagrees with this position, argues that GAF Corp. is consistent with the established law of Florida and elsewhere on this subject, and urges an affirmance based on this settled authority. In order to evaluate the merits of these respective positions, it is necessary to consult the applicable Florida law on negligence and breach of implied warranty in products liability actions.

A
In GAF Corp. this court held that a products liability action sounding in negligence does not lie against the manufacturer of an alleged defective product where, as here, the plaintiff consumer suffers no personal injury or property damages from the said product and claims purely economic losses from use of the product. In that case, a plaintiff roofing contractor purchased from a third party retailer certain allegedly defective roofing materials produced by a defendant manufacturer; the plaintiff roofing contractor used these defective materials to install roofs for two of his customers; the customers, in turn, sued and collected damages from the plaintiff roofing contractor for installing a defective roof. The plaintiff roofing contractor then sued the defendant manufacturer in a products liability action sounding in negligence, claiming that he had suffered the above economic damages, along with attorney's fees and costs in the aforesaid suits, as a result of using the defendant's defective roofing materials. We reversed a judgment for the plaintiff based on a jury verdict and remanded with directions that judgment be entered for the defendant manufacturer. We stated:
"Without dispute, no personal injury or property damage was sustained by the plaintiff Zack or any other person as a result of the allegedly defective materials in this case. This fact, we think, is fatal to the plaintiff Zack's claims in this case, assuming without deciding that all such claims sound in tort rather than contract as urged by the plaintiff Zack.
... .
A negligence action against the defendant GAF cannot lie herein because no cognizable tort damages were sustained by the plaintiff, Zack, see McIntyre v. McCloud, 334 So.2d 171, 172 (Fla. 3d DCA 1976); stated differently, no personal injury or property damage was sustained by the plaintiff Zack as a result of its purchase and installation of the defective roofing materials manufactured by *691 the defendant GAF and therefore no negligence action is maintainable herein."
GAF Corp., 445 So.2d at 351-52.
Plainly, the result reached in GAF Corp. is in full accord with the overwhelming weight of authority on this subject throughout the country.[1] Dean Prosser summarizes this established law as follows:
"There can be no doubt that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, but also property damage to the defective chattel itself, as where an automobile is wrecked by reason of its own bad brakes, as well as damage to any other property in the vicinity. But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule, to be encountered later, that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery."

W. Prosser, Law of Torts § 101, at 665 (4th ed. 1971) (footnotes omitted) (emphasis added).
The California Supreme Court in Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal. Rptr. 17, 403 P.2d 145 (1965), best expresses the rationale which denies tort, as opposed to contract, recovery for purely economic damages suffered by the purchaser of a defective product. The Court states:
"The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is not arbitrary and does not rest on the `luck' of one plaintiff in having an accident causing physical injury. The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demand. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone."
45 Cal. Rptr. at 23, 403 P.2d at 151.
The plaintiff Affiliates urges, however, that the GAF Corp. rule is an anomaly and contrary to the results reached in Audlane Lumber & Builders Supply, Inc. v. D.E. Britt Associates, 168 So.2d 333 (Fla. 2d DCA 1964), cert. denied, 173 So.2d 146 (Fla. 1965); and Crain Automotive Group v. J & M Graphics, Inc., 427 So.2d 300 (Fla. *692 3d DCA 1983). We cannot agree. Neither of these cases are products liability actions and therefore announce no rules contrary to the established law that purely economic losses are not recoverable under any tort theory in a products liability action. The plaintiff cites no case law in Florida or elsewhere which is contrary to this established law.

B
This court in GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), pet. for review denied, 453 So.2d 45 (Fla. 1984), further held that an action for breach of implied warranty does not lie against the manufacturer of an alleged defective product where, as here, there is no contractual privity between the plaintiff and the defendant manufacturer, assuming that the subject action is a contract remedy. We, accordingly, reversed a judgment based on a jury verdict in favor of the plaintiff on a breach of implied warranty claim because, inter alia, it was "barred for lack of contractual privity between the parties." Id. at 352. As an alternative holding, we further concluded that if the action be considered a tort remedy, it was barred for the same reason the negligence action, discussed above, was barred, namely, that no personal injury or property damages were claimed. Id. at 351-52.
The Florida Supreme Court, in turn, has announced in the leading products liability case of West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), that breach of implied warranty is "an action in contract," Id. at 88, which henceforth requires a showing of contractual privity between the plaintiff and the defendant as an essential element of the action. In West, the Court adopted the doctrine of strict liability in tort, to wit: Section 402A of the Restatement (Second) of Torts (1965), and, by so doing, fundamentally altered the pre-West law on breach of implied warranty. The court stated:
"The adoption of the doctrine of strict liability in tort does not result in the demise of implied warranty. If a user is injured by a defective product, but the circumstances do not create a contractual relationship with a manufacturer, then the vehicle for recovery could be strict liability in tort. If there is a contractual relationship with the manufacturer, the vehicle of implied warranty remains."
West, 336 So.2d at 91. Both the Second and Fourth District Courts of Appeal have impliedly recognized that privity of contract is now an essential element of a breach of implied warranty action. See Continental Ins. Co. v. Montella, 427 So.2d 796 (Fla. 4th DCA 1983); Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689, 692 n. 3 (Fla. 2d DCA 1979).
The plaintiff Affiliates urges, however, that West leaves the law of breach of implied warranty completely intact so that all pre-West implied warranty cases  such as Hoskins v. Jackson Grain Co., 63 So.2d 514 (Fla. 1953), upon which Affiliates heavily relies for reversal  are still good law. This analysis, in our view, overlooks the law-creating nature of the West decision. The West court fundamentally altered products liability law in Florida by creating a new products liability tort action  strict liability in tort  out of the prior breach of implied warranty cases which had done away with privity of contract. In so doing, West necessarily swept away such no-privity, breach of implied warranty cases in favor of the new action of strict liability in tort. Stated differently, the doctrine of strict liability in tort supplants all no-privity, breach of implied warranty cases, because it was, in effect, created out of these cases. This ground-breaking holding, however, did not result in the demise of the contract action of breach of implied warranty, as that action remains, said the West court, where privity of contract is shown. We, accordingly, reject the plaintiff's contention that West did not alter the action of breach of implied warranty, as, in our view, the action now exists solely as a contract remedy which, of necessity, requires a privity of contract showing as an essential element of the action.

III
Turning to the instant case, we have no difficulty in concluding that the trial court *693 was eminently correct in dismissing the subject complaint below based on the authority of GAF Corp. Indeed, as previously indicated, the plaintiff concedes that its complaint was properly dismissed if GAF Corp. is considered good law  and we hold that it is.
First, the negligence count cannot stand because it fails to allege an essential element of the action when brought, as here, in a products liability context, to wit: personal injury or property damage suffered as a result of the alleged defective computer. The only damages alleged are contract-type damages, namely, economic losses to plaintiff's business because the subject computer did not perform as it should have.
Second, the breach of implied warranty counts cannot stand because they fail to allege an essential element of the action, to wit: privity of contract between the plaintiff and the defendant. These actions are purely contract remedies in the post-West world, and, accordingly, cannot be maintained in the absence of contractual privity.
For the above-stated reasons, the final order under review is, in all respects,
Affirmed.
NOTES
[1] East River S.S. v. Transamerica Delaval, Inc., ___ U.S. ___, 106 S.Ct. 2295, 2302-04, 90 L.Ed.2d 865 (1986); Fredonia Broadcasting Corp. v. RCA Corp., 481 F.2d 781 (5th Cir.1973) (applying Texas law); Bright v. Goodyear Tire & Rubber Co., 463 F.2d 240 (9th Cir.1972) (applying California law); Southwest Forest Indus. v. Westinghouse Elec. Corp., 422 F.2d 1013 (9th Cir.) (applying Arizona law), cert. denied, 400 U.S. 902, 91 S.Ct. 138, 27 L.Ed.2d 138 (1970); Plainwell Paper Co. v. Pram, Inc., 430 F. Supp. 1386 (W.D.Pa. 1977); Arizona v. Cook Paint & Varnish Co., 391 F. Supp. 962 (D.Ariz. 1975), aff'd, 541 F.2d 226 (9th Cir.1976), cert. denied, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977); Cooley v. Salopian Indus., 383 F. Supp. 1114 (D.S.C. 1974); Morrow v. New Moon Homes, Inc., 548 P.2d 279 (Alaska 1976); Beauchamp v. Wilson, 21 Ariz. App. 14, 515 P.2d 41 (1973); Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal. Rptr. 17, 403 P.2d 145 (1965); Anthony v. Kelsey-Hayes Co., 25 Cal. App.3d 442, 102 Cal. Rptr. 113 (1972); Hiigel v. General Motors Corp., 190 Colo. 57, 544 P.2d 983 (1975); Chrysler Corp. v. Taylor, 141 Ga. App. 671, 234 S.E.2d 123 (1977); Clark v. International Harvester Co., 99 Idaho 326, 581 P.2d 784 (1978); Alfred N. Koplin & Co. v. Chrysler Corp., 49 Ill. App.3d 194, 7 Ill.Dec. 113, 364 N.E.2d 100 (1977); National Crane Corp. v. Ohio Steel Tube Co., 213 Neb. 782, 332 N.W.2d 39 (1983); Avenell v. Westinghouse Elec. Corp., 41 Ohio App.2d 150, 324 N.E.2d 583 (1974); Price v. Gatlin, 241 Or. 315, 405 P.2d 502 (1965).