513 So.2d 700 (1987)
MEETING MAKERS, Inc., Appellant,
v.
AMERICAN AIRLINES, Inc., Appellee.
No. 86-2798.
District Court of Appeal of Florida, Third District.
September 8, 1987.
Rehearing Denied October 26, 1987.
Proenza, White, Huck & Suarez, P.A., and Robert C. Tilghman, Miami, for appellant.
Steel Hector & Davis and Kathleen A. Monahan and Peter M. Kramer, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
Meeting Makers, Inc., appeals from a final order of the trial court dismissing with prejudice their second amended complaint against American Airlines, Inc., for breach of contract and negligent misrepresentation. We affirm the order of dismissal upon our finding that the warranty disclaimers contained in the contract are valid under Florida law and that these disclaimers *701 clearly obviate American's liability.
Meeting Makers had entered into written contracts with American for the lease of a modem and the purchase of a computer system. The contracts contained conspicuous disclaimers of all warranties of merchantability or fitness for a particular purpose.[1] The disclaimers fully complied with the requirements of sections 672.316(2), 672.302, Florida Statutes (1985). The trial court properly dismissed with prejudice Meeting Makers' second amended complaint against American where American's liability was controlled entirely by the limitations expressed in the contract. See Earman Oil Co., Inc. v. Burroughs Corp., 625 F.2d 1291 (5th Cir.1980); Hi Neighbor Enter., Inc. v. Burroughs, 492 F. Supp. 823 (N.D.Fla. 1980); Rudy's Glass Constr. Co. v. E.F. Johnson Co., 404 So.2d 1087 (Fla. 3d DCA 1981).
Meeting Makers' argument that the contract was one of adhesion and was unenforceable due to unconscionability is without merit. As the party asserting the claim of unconscionability, Meeting Makers bore the burden of proof. Earman Oil, 625 F.2d at 1299. Meeting Makers completely failed to substantiate its allegations that the parties were of unequal bargaining power. Indeed, the record reveals that several amendments were made to the stock contract offered by American at Meeting Makers' request, thereby belying the adhesion contract claimed by Meeting Makers.
Accordingly, the trial court's order is
AFFIRMED.
NOTES
[1] The contracts contained the following disclaimers:

Seller represents and warrants to Buyer that Seller will have good and marketable title to any Equipment delivered hereunder. Seller further represents and warrants to Buyer that the Equipment delivered hereunder will be in working order when installed. EXCEPT AS SPECIFICALLY PROVIDED IN THE ABOVE PARAGRAPH, SELLER MAKES NO REPRESENTATIONS AS TO THE MATERIAL, WORKMANSHIP OR MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE EQUIPMENT PROVIDED HEREUNDER NOR SHALL SELLER HAVE ANY LIABILITY IN NEGLIGENCE OR TORT WITH RESPECT TO THE EQUIPMENT. BUYER AGREES THAT SELLER SHALL NOT BE LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES UNDER ANY CIRCUMSTANCES.