511 So.2d 992 (1987)
AETNA LIFE & CASUALTY COMPANY, Etc., Petitioner,
v.
THERM-O-DISC, INC., Respondent.
No. 68933.
Supreme Court of Florida.
September 10, 1987.
Harris Brown and Robert B. Guild, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for petitioner.
Daniel C. Shaughnessy, of Coker, Myers & Schickel, P.A., Jacksonville, for respondent.
GRIMES, Justice.
We review Aetna Life & Casualty Company v. Therm-O-Disc, Inc., 488 So.2d 83 *993 (Fla. 1st DCA 1986), because of its conflict with Yale Industrial Products, Inc. v. Gulfstream Galvanizing & Finishing, Inc., 481 So.2d 1304 (Fla. 4th DCA 1986). Art. V, § 3(b)(3), Fla. Const.
Therm-O-Disc, a foreign corporation having a principal place of business in Ohio, manufactures a type of switch which was purchased by Energy Conservation Unlimited (ECU), a Florida corporation. The switches were shipped from Ohio to ECU's office in Florida and incorporated by ECU into its heat transfer units for the purpose of protecting them from freezing during cold weather. Some of the heat transfer units were later installed in military base housing units in Georgia and South Carolina. During the winter of 1981-82, the switches in these units allegedly failed to activate, thereby permitting the water within the units to freeze and cause substantial damage. Aetna Life and Casualty Company (Aetna), as the insurer of ECU, reimbursed the United States government and thereby became subrogated to ECU's rights against Therm-O-Disc.
Aetna sued Therm-O-Disc for damages in separate counts of negligence, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, and strict liability. Aetna sought to obtain jurisdiction over Therm-O-Disc by virtue of Florida's long-arm statute, section 48.193, Florida Statutes (1981). The trial court dismissed the complaint for lack of jurisdiction. While agreeing in part with the trial court, the First District Court of Appeal reversed and remanded for an evidentiary hearing to determine whether jurisdiction could be obtained under section 48.193(1)(g). Aetna was dissatisfied with this decision and petitioned this Court for review of the district court's analysis that jurisdiction could not be obtained under section 48.193(1)(f).
Aetna contended that Therm-O-Disc was subject to jurisdiction under one or more of three subsections of the long-arm statute.
48.193 Acts subjecting persons to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.
... .
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
The district court of appeal held subsections (1)(a) and (1)(f) to be inapplicable but remanded for an evidentiary hearing to determine the applicability of subsection (1)(g). Based on conflict with Yale, Aetna obtained review in this Court on the question of whether it could obtain jurisdiction over Therm-O-Disc under subsection (1)(f). Succinctly stated, the point before us is whether subsection (1)(f) permits jurisdiction to be obtained over nonresidents for acts arising outside the state which cause financial injury within the state when no personal injury or physical property damage has occurred.
In Yale, a Florida corporation purchased a hoist crane system which had been manufactured by an out-of-state company. The hoist crane failed, and the Florida corporation sued the manufacturer for damages incurred in replacing the defective equipment and for lost production time. The court held that the word injury as set forth in section 48.193(1)(f) was not confined solely to bodily injury or physical property damage but also included the economic damages alleged by the hoist crane purchaser. The court went on to conclude that the defendant had sufficient minimum contacts *994 with Florida to meet the constitutional test of jurisdiction. In Yale the hoist crane actually broke down in Florida, whereas in the instant case the switches malfunctioned in Georgia and South Carolina. However, this distinction is not material as it relates to the question of whether the words "injury to persons or property" in subsection (1)(f) include financial injury.
We find the reasoning of the First District Court of Appeal more persuasive. The Yale court's interpretation is contrary to the plain language of the subsection and does not harmonize with the other subsections of the statute. As the court below noted:
Under this interpretation, as applied by appellant in the case at issue, any act or omission of a nonresident outside the state which results in financial loss to anyone within the state would subject the nonresident to the jurisdiction of Florida courts, so long as the financial loss were somehow related to the nonresident's solicitation or servicing activities within the state, or to the use or consumption within the state of products, materials or things processed, serviced, or manufactured by the nonresident anywhere. Presumably, these would include tortious acts and breaches of contract outside the state involving merely financial losses in commercial transactions. If this were the intent of the Florida Legislature in enacting section 48.193(1)(f), why then did the legislature also enact section 48.193(1)(b) (authorizing jurisdiction over anyone who commits a tort within this state) and section 48.193(1)(g) (authorizing jurisdiction over anyone who breaches a contract in this state by failing to perform an act required by the contract to be performed in this state), given that the usual remedy in such cases is an award of damages for the financial loss suffered as a result of the tort or breach of contract?
488 So.2d at 91 n. 3 (emphasis in original).
Moreover, Aetna's theory is inconsistent with Florida law on products liability. In GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla. 1984), a roofing contractor incorporated certain roofing materials manufactured by GAF Corporation into certain motel jobs. The roofing contractor suffered an adverse judgment because the faulty roofing materials caused the roof to be defective. The roofing contractor sued GAF to recover its loss in counts of negligence and breach of implied warranty. In reversing a judgment for the roofing contractor, the Third District Court of Appeal reasoned:
No one was ever personally injured due to the defective roofing materials; no one's property was ever damaged due to the defective roofing materials; and no claim was ever made below for personal injuries or property damage. This being so, the law of torts affords no cause of action for the plaintiff Zack to recover for its purely economic losses in this case. W. Prosser, Law of Torts § 101 at 665 (4th ed. 1971).
A negligence action against the defendant GAF cannot lie herein because no cognizable tort damages were sustained by the plaintiff Zack, see McIntyre v. McCloud, 334 So.2d 171, 172 (Fla. 3d DCA 1976); stated differently, no personal injury or property damage was sustained by the plaintiff Zack as a result of its purchase and installation of the defective roofing materials manufactured by the defendant GAF and therefore no negligence action is maintainable herein. See W. Prosser, Law of Torts § 30 at 143 (4th ed. 1971).
445 So.2d at 351-52. Likewise, this Court in Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987), recently ruled that a buyer under a contract for goods could not recover economic losses in tort without a claim for personal injury or property damage to property other than the allegedly defective goods.
We hold that the provisions of section 48.193(1)(f) contemplate personal injury or physical property damage. Consequently, Aetna was not entitled to obtain jurisdiction over Therm-O-Disc under that subsection. Aetna makes no contention that jurisdiction could be obtained under subsection (1)(a), and we choose not to reach the issue concerning the applicability of subsection (1)(g) since the underlying facts relating to that subsection will be more fully developed pursuant to the district court's ruling. Accordingly, we affirm the decision of the First District Court of Appeal. We disapprove the interpretation of subsection (1)(f) in Yale Industrial Products, Inc. v. Gulfstream Galvanizing & Finishing, Inc. Because it is unnecessary to our ruling, we pretermit any discussion of the constitutional minimum contacts which are *995 necessary to obtain jurisdiction over non-residents.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.