SCHEB, Acting Chief Judge.
Appellant Cushman and Wakefield of Pennsylvania, Inc. (Cushman), challenges a nonfinal order denying its motion to dismiss appellee Savers Federal Savings and Loan Association’s complaint pursuant to Florida Rule of Civil Procedure 1.140(b)(2). The trial court determined that it could exercise personal jurisdiction over Cush-man, basing its ruling solely on section 48.193(l)(f), Florida Statutes (1985), since it found Cushman was engaged in service activities in this state.
In Aetna Life and Casualty Co. v. Therm-O-Disc, Inc., 511 So.2d 992 (Fla. 1987), the Florida Supreme Court held that there is no personal jurisdiction under section 48.193(l)(f) arising out of an act committed outside this state where the complained of act caused financial injury within the state but caused no personal injury or physical property damage within the state. Aetna was decided subsequent to the trial judge’s order in this case, and it compels reversal of the trial court’s order. Therefore we do not reach the merits of Cush-man’s argument regarding whether or not it had minimum contacts with the State of Florida.
Reversed.
RYDER and FRANK, JJ., concur.