543 So.2d 239 (1989)
BELLE PLAZA CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
B.C.E. DEVELOPMENT, INC., Appellee.
Nos. 88-424, 88-969.
District Court of Appeal of Florida, Third District.
March 21, 1989.
As Clarified June 1, 1989.
*240 Hyman & Kaplan and Michael Hyman, Miami, for appellant.
Caruana & Wells and Lawrence Gordon, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
This case involves an apartment conversion to a condominium in 1980, prior to the effective date of the Roth Act.[1]
Appellant seeks review of the trial court's dismissal with prejudice of its claim of breach of express warranties by developer and the trial court's order of summary judgment in appellee's favor as to appellant's claims of negligent construction and negligent performance by developer of statutory duty to disclose.
The units were sold pursuant to a prospectus and declaration of condominium which was attached as an exhibit to the prospectus. The prospectus contained a disclaimer of warranties. The prospectus had attached to it as an exhibit, a statement of conversion conditions with disclaimers in bold print. When unit owners took control of the condominium association they allege they discovered that the condition of the building was not, in fact, as represented and that the conversion report was an inaccurate description of the property. There was a bold print disclaimer in the statement of conversion conditions, as well as references in the prospectus and the purchase agreement to the fact that the property was being sold "as is."
The trial court correctly dismissed the Association's claim for breach of express warranty set out in Count I of the Amended Complaint because it is clear from a review of the Complaint and exhibits attached thereto that there was no express warranty granted by B.C.E. to the Association. Moreover, it is equally clear that B.C.E. properly disclaimed by a bold and conspicuous disclaimer any and all express or implied warranties. See Meeting Makers, Inc. v. American Airlines, Inc., 513 So.2d 700 (Fla. 3d DCA 1987); Rudy's Glass Construction Company v. E.F. Johnson Company, 404 So.2d 1087 (Fla. 3d DCA 1981).
The trial court correctly granted B.C.E.'s Motion for Summary Judgment on the Association's tort claims set out in Counts II and III of the Amended Complaint because the Association sought to recover for purely economic loss and no damages were sought for personal injury or damage to property other than the defective property itself. See AFM Corporation v. Southern Bell Telephone and *241 Telegraph Company, 515 So.2d 180 (Fla. 1987); Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987); GAF Corporation v. Zack Company, 445 So.2d 350 (Fla. 3d DCA 1984).
Therefore the orders under review are affirmed.
AFFIRMED.
NOTES
[1] Roth Act, Florida Statutes Sections 718.604-718.622 (1980 Supp.)