573 So.2d 1038 (1991)
James R. BEGLEY, Appellant,
v.
TRULY NOLAN EXTERMINATING, INC., Great Lakes Chemical Corporation & Woodbury Chemical Company, Appellees.
No. 90-870.
District Court of Appeal of Florida, Third District.
February 5, 1991.
Mark Alan Levine, Miami, for appellant.
Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, James F. Dougherty, *1039 II, Miami Beach, and Jonathan M. Fordin, North Miami Beach, for appellees.
Before BARKDULL, HUBBART and LEVY, JJ.
BARKDULL, Judge.
Appellant, plaintiff in the trial court, seeks review of a final summary judgment for the appellees, Woodbury Chemical Company and Great Lakes Chemical Corporation, which dismissed these parties as defendants in the cause.
Mr. Begley hired the appellee, Truly Nolan Exterminating to fumigate his house. Meth-O-Gas fumigant was used as the fumigating agent. It was manufactured by Great Lakes and distributed by Woodbury. The gas left a bad odor in the house and Begley claimed the odor caused him to lose a sale of the house. He sued Truly Nolan, Great Lakes and Woodbury alleging that the gas contained two inert ingredients not disclosed on the label in accompanying warnings and that these ingredients caused the bad odor. Begley's only claim was for loss of profits on the alleged unconsumated sale, a purely economic loss. Begley ultimately lost the house through a foreclosure action. After discovery, Great Lakes and Woodbury moved for a summary judgment on the grounds that Begley's claim against them was preempted by the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 et seq., and that he was seeking compensation for a purely economic loss, the loss of anticipated profits from the sale of his home, which is not permissible in a strict liability tort claim such as he had filed against Great Lakes and Woodbury. The trial court found for Great Lakes and Woodbury, holding that the Federal Act preempted this action and the trial court entered the summary judgment appealed.
Begley contends on appeal that there is a question of fact whether or not this Federal Act preempts the state action.
While there is a split of authority on this question, the vast majority holds in favor of the appellees. Professional Lawn Care Assn. v. Village of Milford, 909 F.2d 929 (6th Cir.1990); Taylor v. General Motors Corp., 875 F.2d 816 (11th Cir.1989); Pappas v. The UpJohn Co. (N.D.Fla. 1989); Kennan v. Dow Chemical Co., 717 F. Supp. 799 (M.D.Fla. 1989); Fisher v. Chevron Chemical Co., 716 F. Supp. 1283 (W.D.Mo. 1989); Fitzgerald v. Mallinckrodt, 681 F. Supp. 404 (E.D.Mich. 1987).
Furthermore, it is well established that a plaintiff cannot recover lost profit damages in a strict liability claim. See Florida Power and Light v. Westinghouse Electric, 510 So.2d 899 (Fla. 1987); Belle Plaza Condominium Assn. Inc. v. B.C.E. Dev., Inc., 543 So.2d 239 (Fla. 3d DCA 1989); GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA 1984).
Therefore, the summary judgment under review be and the same is hereby affirmed.
Affirmed.