588 So.2d 631 (1991)
CASA CLARA CONDOMINIUM ASSOCIATION, INC., a not for profit corporation of the State of Florida, Appellant,
v.
CHARLEY TOPPINO & SONS, INC., a dissolved Florida corporation, and Jan Griffin and John Nivens, as Trustees for Charley Toppino and Sons, Inc., a dissolved corporation, Appellees.
642053 ONTARIO, INC., Appellant,
v.
CHARLEY TOPPINO & SONS, INC., a dissolved Florida corporation, and Jan Griffin and John Nivens, as Trustees for Charley Toppino and Sons, Inc., a dissolved Florida corporation, Appellees.
Nos. 90-160, 90-159.
District Court of Appeal of Florida, Third District.
October 15, 1991.
Rehearing Denied November 21, 1991.
*632 Siegfried, Kipnis, Rivera, Lerner, De La Torre & Mocarski and H. Hugh McConnell, Coral Gables, for appellants.
Cabaniss, Burke & Wagner, Lynn E. Wagner and Richard A. Solomon, Orlando, for appellees.
John F. Tolson, Jr., Jacksonville, for Florida Concrete and Products Ass'n, Inc., as amicus curiae.
Becker, Poliakoff & Streitfeld, Alan S. Becker and Michele G. Miles, Fort Lauderdale, for I-95 Custom Home Builders, Inc., Homes Of South Florida, Inc. and The Southeast Chapter Of The Community Associations Institute, as amicus curiae.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
The appellants are the unit owners of Casa Clara Condominium and 642053 Ontario, Inc. [hereinafter referred to as "Casa Clara" and "Ontario", respectively, and collectively referred to as "the homeowners"]. These consolidated appeals arise from the dismissal of claims for damages for the sale of defective concrete by the defendant, Charley Toppino & Sons, Inc. [hereinafter referred to as Toppino]. We affirm.
The homeowners allege that they have been damaged by the alleged use of defective concrete used to build their homes. The alleged defect is the excessive content of chlorides in the concrete which caused the reinforcing steel to rust and expand. This expanding steel, in turn, caused (and continues to cause) the structural components of the building to crack and pieces of the concrete to fall off the building. The result of this deterioration process is a substantial loss of structural integrity in the homes and buildings requiring vast repair work to or replacement of the homes and buildings.
In the Casa Clara case, the homeowners sued Toppino, the general contractor and numerous defendants associated with the development of the condominium, while in the Ontario case, the homeowners sued Toppino and the general contractor which built the structures and purchased the concrete from Toppino. In both cases, the homeowners filed an amended complaint which included the claims against Toppino for breach of common law implied warranty, for negligence, for product liability, and for violation of the Florida Building Code.
*633 In both cases, the trial court dismissed all counts against Toppino. The trial court dismissed with prejudice the following counts: the count for the common law implied warranty because of lack of privity; the negligence and strict product liability counts under the economic loss doctrine;[1] and the count for violation of the building code based upon the ruling that a materialman is not governed by the building code and, therefore, is not subject to liability when its materials fail to comply with the building code.
A plaintiff cannot recover tort damages for purely economic damages. GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla. 1984); Cedars of Lebanon Hosp. Corp. v. European X-ray Distribs. of Am. Inc., 444 So.2d 1068 (Fla. 3d DCA 1984). Losses due to repair, replacement and diminution in value are not recoverable in tort. East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986); Florida Power & Light Co. v. McGraw Edison Co., 696 F. Supp. 617 (S.D.Fla. 1988), affirmed, 875 F.2d 873 (11th Cir.1989). This court has stated that if the plaintiff has not sustained any personal injury or property damage he cannot recover. See GAF, 445 So.2d at 351-52.
The homeowners contend that the trial court erred in dismissing the tort claims under the economic loss doctrine where the complaints allege damage to property caused by the defective concrete and risk of personal injury. The homeowners maintain that their cases fall within the "other property" exception to the economic loss doctrine. They argue that the concrete damaged "other property", the steel reinforcing bars embedded in the concrete and the buildings themselves. We disagree.
In Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 511 So.2d 992 (Fla. 1987), the defendant manufactured switches which were purchased by another company which incorporated the switches into heat transfer units. The switches failed to operate properly and caused damage to the transfer units. Id. Relying on GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla. 1985) (court held contractor seeking to recover purely economic loss caused by defective roofing materials could not maintain tort action against material manufacturer where no one was personally injured and no one's property was damaged) and on Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987) (court held purchaser of nuclear generator could not maintain tort action against seller for defects in generators where claim was based on damage to product only and there was no allegation of harm to persons or other property), the Florida Supreme Court held that the switch manufacturer could not be sued in tort even though its switches allegedly caused substantial damage to the heat transfer units. Id.
In the instant case, Toppino supplied a component which became an integral part of the homeowners' structures. The homeowners allege that the concrete was defective and damaged other components of their structures and their structures themselves. Viewing their claims in light of Aetna, we find that their structures, the homes and buildings, not the concrete, are the "property" for purposes of applying the economic loss doctrine. Since the homeowners only allege damage to the structures and the components thereof and do not allege any personal injury or damage to other property, Aetna *634 mandates that they cannot maintain a cause of action against Toppino in tort.[2]
Next, the homeowners contend that the trial court erred in dismissing claims for violation of the building code because a concrete supplier must comply with the building code. We disagree. Monroe County has adopted the Standard Building Code as the applicable State Minimum Building Code. See Monroe County Code art II, § 6-16. Section 553.73(2)(d), Florida Statutes (1987) states that the State Minimum Building Codes adopted by each local government "shall govern the construction, erection, alteration, repair, or demolition of any building." The complaints allege that Toppino supplied concrete to the general contractor which used the concrete in the construction of the structures. It is not alleged that Toppino performed any construction, erection, alteration, repair or demolition of the structures. Therefore, as a material supplier, Toppino is not charged with a duty of compliance of the State Minimum Building Codes. Absent a duty under the code, the homeowners cannot bring an action against Toppino for violating the code.
In conclusion, we affirm the trial court's dismissal of the counts in each of the complaints alleging a cause of action for negligence and strict product liability against Toppino and of the claims for violation of the building codes. We find that the homeowners' remaining contentions on appeal lack merit.
Affirmed.
NOTES
[1] In announcing its ruling, the trial court stated:

There is no doubt in the court's mind that the case law in the State of Florida as developed allows for the Economic Loss Rule. There has not been personal injury established. The concrete and the steel rebarb [sic] are so  have become a part of one another and the remedy in this case lies in contract law not in negligence. That would entitle of course the plaintiffs to costs of replacement and repair, the difference in value, loss of use, profits et cetera, but those are the established standards. There is not an action in tort here available to you and; therefore, I am able to dismiss those counts with prejudice.
[2] The homeowners' reliance on Adobe Bldg. Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA), review dismissed, 411 So.2d 380 (Fla. 1981) is misplaced where the Florida Supreme Court has addressed the issue in Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987).