610 So.2d 470 (1992)
SEAWATCH AT MARATHON CONDOMINIUM ASSOCIATION, INC., a Florida corporation, Appellant,
v.
CHARLEY TOPPINO AND SONS, INC., et al., Appellees.
No. 90-1890.
District Court of Appeal of Florida, Third District.
November 3, 1992.
Rehearing Denied January 29, 1993.
*471 Siegfried, Kipnis, Rivera, Lerner, De La Torre & Mocarski and H. Hugh McConnell, Coral Gables, for appellant.
Blackwell & Walker and Angela C. Flowers, Kubicki, Draper, Gallagher & McGrane, Miami, Beckmeyer & Mulick and Nicholas Mulick, Tavernier, Cabaniss, Burke & Wagner and Richard A. Solomon and Lynn Wagner, Orlando, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Recognizing that this case presents a question of great public importance throughout the state, we certify the following question to the Supreme Court of Florida:
Does section 718.124, Florida Statutes (1991), grant a condominium association an extended period of time in which it may assert a cause of action for damage to common elements in condominium buildings, beyond the time granted in section 718.203, Florida Statutes (1991), after unit owners have elected a majority of the members of the board of administration?
Seawatch at Marathon Condominium Association brought this class action as the representative of unit owners against numerous defendants including Turtle Kraals, Ltd., the developer, Monroe Construction Corp., the general contractor, Charley Toppino and Sons, Inc., the concrete manufacturer, and Epic Metals Corp., the manufacturer of the structural reinforcing system, seeking damages arising out of the construction of Seawatch Condominium. Seawatch alleged that the condominium is in a state of deterioration caused by the use of defective concrete and a defective metal decking system in the construction of the buildings. The defect allegedly manifested itself by the cracking of the concrete surfaces, cracking of ceramic tiles and the seepage of rust-stained water. In its claim for damages, the condominium association alleged substantial loss of structural integrity requiring vast repair work.[1]
Seawatch appeals the dismissal of all its claims, with prejudice, against each defendant. Three rulings of the trial court are raised as error by Seawatch: (1) the damage to the condominium buildings does not give rise to an action in tort; (2) neither Toppino nor Epic are subject to liability for violation of the building code; and (3) the claims for breach of statutory implied warranties under section 718.203, Florida Statutes (1991), are time-barred.
We affirm the court's rulings as to the tort claims and violation of building code based on our holding in the related case of Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, 588 So.2d 631 (Fla. 3d DCA 1991), jurisdiction accepted, 602 So.2d 533 (Fla. 1992). We reverse the court's dismissal of the statutory implied warranty claims on statute of limitations grounds. The facts pertinent to the statute of limitations ruling are as follows.
Seawatch Condominium consists of three five-story buildings that were constructed between 1981 and 1983. Certificates of occupancy were issued for the three buildings on February 19, 1982, April 12, 1982, and April 8, 1983. Although the defects in the structure became apparent during the one-year interval following April 8, 1983, control of the condominium association remained in the hands of the developer until August 10, 1985, when control was turned over to the unit owners. On May 13, 1988, Seawatch at Marathon Condominium Association commenced this action on behalf of the unit owners. An amended complaint asserted claims for negligence, strict liability, breach of common-law and statutory warranties, and violation of the Florida Building Code, section 553.84, Florida Statutes (1991). After the trial court entered an order dismissing with prejudice all claims against Toppino, Monroe, and Epic, except the claims for breach of statutory *472 implied warranties under section 718.203, Seawatch filed a second amended complaint repleading the section 718.203 claims and restating the claims against Turtle Kraals.
In moving for dismissal of the second amended complaint, the defendants raised, alternatively, two statute of limitations defenses: (1) the original complaint was filed more than four years after the unit owners discovered the alleged defects and was thus barred by the expiration of the four-year statute of limitations period in section 95.11(3)(c), Florida Statutes (1991);[2] or (2) that the original complaint was not filed within three years from the completion of construction of the condominium buildings and suit was, therefore, time barred under section 718.203(2)(a), Florida Statutes (1991).[3] The trial court dismissed with prejudice all remaining counts against Turtle Kraals, Monroe, Toppino, and Epic. The breach of statutory implied warranty claims against all defendants were dismissed on grounds of timeliness.[4]
In this appeal the condominium association challenges the dismissal of the section 718.203 claims on statute of limitations grounds. The court's ruling, according to Seawatch, disregarded section 718.124 of the Florida Condominium Act, chapter 718, Florida Statutes (1991), which provides a tolling period for actions brought by condominium associations. The statute defers the running of the limitations periods until control of the association is turned over from the developer to the unit owners. Section 718.124 provides:
The statute of limitations for any actions in law or equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.
It is undisputed that the complaint of May 13, 1988, was filed less than three years after the unit owners assumed control of the condominium association. It would appear that the filing was within the limitations period of sections 95.11(3)(c) and 718.203(2)(a). Appellees argue, however, that the tolling provision of section 718.124 does not apply to actions brought by condominium associations in their capacity as class representatives of the unit owners, but instead applies only to those actions brought by condominium associations in their own right. We disagree with that restrictive interpretation of the statute.
Clearly, it was the intent of the legislature to give condominium associations, as representatives of individual unit owners in matters concerning common elements, the right to sue after taking control, where the developer for reasons of self-interest or oversight, failed to pursue a cause of action for breach of contract or negligent construction. From that indisputable intent, a reasonable construction of section 718.124 will not support the conclusion that the legislature intended to limit the period in which condominium associations could sue for construction defects to the same *473 period in which the developer could have brought suit.
Originally, only the condominium developer had a cause of action, on a contract theory, against contractors for defective design and construction of a building. Experience taught that the developer's interest  in building, selling, and getting out  was not always the same as the longerterm interests of those who bought individual units in the condominium building. Section 718.124 was enacted, obviously, in response to that realization. In many instances, expiration of the period for bringing an action, as provided by both section 95.11(3)(c) and section 718.203(2), would have preceded the turnover from the developer to unit owners. In those cases, on the appellee's interpretation, section 718.124 is a nullity. We agree with the first district's different view:
[T]he obvious purpose of § 718.124 was to lengthen the limitations period for particular causes of action. Section 718.124 was intended to prevent a developer from retaining control over an association long enough to bar a potential cause of action which the unit owners might otherwise have been able and willing to pursue. To this end, the statute provides that an association's cause of action does not accrue until the unit owners have acquired control over the association.
Regency Wood Condo., Inc. v. Bessent Hammack & Ruckman, Inc., 405 So.2d 440, 443 (Fla. 1st DCA 1981).
Reibel v. Rolling Green Condo. A, Inc., 311 So.2d 156 (Fla. 3d DCA 1975), relied on by appellees, does not hold that the condominium association is without standing to represent the interests of unit owners. Neither does this case turn on the absence of substantive contract rights in the condominium association. Section 718.124 gives a statutory right to a condominium association, as a successor to the condominium developer and as representative of unit owners, to proceed against contractors and engineers in its own name.
Section 718.124, which is terse and unambiguous, makes no distinction between actions brought by the association on its own behalf and those brought on behalf of the unit owners. Florida Rule of Civil Procedure 1.221 expressly provides for class action suits by condominium associations for matters of common interest "including, but not limited to, the common elements; the roof and structural components of the building or other improvements." See Avila South Condo. Ass'n, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1976). Moreover, the common interest provision of the rule has been interpreted to permit a class action by the association for a construction defect located physically within a unit, rather than in the common elements, if the defect is prevalent throughout the building. Alan Becker & Robert Manne, Construction Litigation, in Florida Condominium Law & Practice § 15.3, at 715-716 (The Florida Bar CLE 1987).
The condominium association's statutory right to bring this action, even though the developer's action would have been time-barred, is not at all remarkable. And because a four-year limiting period still applies after unit owners have been elected to a majority of the board, the time for initiating the action is not open-ended.
Reversed and remanded for further consistent proceedings.
NOTES
[1] For the purpose of this appeal we must accept the well-pleaded allegations of the complaint of substantial defects in the entire condominium building which includes the individual units and the common elements. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985).
[2] Section 95.11(3)(c) provides in pertinent part:

(3) WITHIN FOUR YEARS. 
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.
[3] Section 718.203(2)(a) provides:

(2) The contractor, and all subcontractors, suppliers, design professionals, architects, and engineers grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them as follows:
(a) For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.
[4] The trial court did not specify in its order which of the two statute of limitations grounds the dismissal was based.