THREADGILL, Judge.
On this interlocutory appeal, the appellant, Identigene, Inc., a Texas corporation, challenges that portion of a nonfinal order, which denies its motion to dismiss the first-amended complaint of the appellee, Sonjia Maria Goff, for lack of personal jurisdiction. We reverse.
Identigene is a DNA testing facility located in Houston, Texas. In her first-amended complaint, Goff, on behalf of herself and her minor son, alleged that Identi-gene-and other defendants who are not parties to this appeal — committed various intentional torts in connection with DNA paternity tests conducted on a saliva sample forcibly procured from her minor son without her consent. According to Goff, once the sample was collected in Florida by one or more of the named defendants, it was sent to Identigene in Texas for testing. Goff sought redress, because the test results were ultimately used against her in a Florida court proceeding.
Identigene filed a motion to dismiss the first-amended complaint for lack of personal jurisdiction, alleging that Goff had failed to establish long-arm jurisdiction under any provision of section 48.193, Florida Statutes (1999). Identigene’s motion additionally sought dismissal on the basis that all seven counts of Goffs first-amended complaint failed to state a cause of action. The accompanying affidavit of Identigene’s president refuted jurisdiction under section 48.193(l)(a) and (b), by respectively demonstrating that Identigene was not operating a business in Florida and did not otherwise commit a tortious act within the state, as Identigene was undisputedly not involved in the collection of the saliva sample.
*49 After a hearing, the trial court denied Identigene’s motion to dismiss for lack of jurisdiction, but otherwise dismissed, without prejudice, all counts of the first-amended complaint for failure to state a cause of action. Goff was thus given twenty days from the date of the order to file a second-amended complaint.
On appeal, Identigene contends the trial court erred in denying its motion to dismiss for lack for personal jurisdiction, arguing once again that long-arm jurisdiction was not established under section 48.193. We agree.
The record shows that, at the hearing, Goff argued the existence of long-arm jurisdiction over Identigene under section 48.193(l)(f)(2), Florida Statutes (1999). She contended that Thomas Jefferson University v. Romer, 710 So.2d 67 (Fla. 4th DCA 1998), supported her position. The trial judge obviously agreed, and Goff now advances the same argument here.
Section 48.193(l)(f)(2), provides that a nonresident entity is subject to Florida jurisdiction if it has caused
injury to persons ... within this state arising out of an act or omission by the [nonresident] outside this state, if at ... the time of the injury ... products, materials, or things processed, serviced, or manufactured by the [nonresident] anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
In Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla.1987), our supreme court held that, to obtain long-arm jurisdiction under the provisions of section 48.193(l)(f), there must be allegations of personal-bodily-injury or property damage. Mere allegations of economic damage will simply not suffice. Id. at 993-94; see also Mallard v. Aluminum Co. of Can., Ltd., 634 F.2d 236, 241 (5th Cir.1981)(stating that section 48.193(1)(f)(2) is intended to reach out-of-state manufacturers in products liability actions where there has been personal injury)-
In Romer, the plaintiffs, individually and on behalf of their minor son, filed suit against Thomas Jefferson University, alleging that it negligently performed genetic testing on blood samples submitted by the plaintiffs and then reported the incorrect results of such testing. The plaintiffs claimed that they relied on the erroneous report to have a child. The child was ultimately born with a serious genetic disease that the report completely ruled out as a possibility. In reviewing an interlocutory order denying the university’s motion to dismiss for lack of personal jurisdiction, the Fourth District determined that Thomas Jefferson University processed blood serum in Pennsylvania and issued a report that was used in Florida and which, because of purported inaccuracies therein, was alleged to have caused personal injury to the plaintiffs in Florida. Long-arm jurisdiction was thus found to exist under section 48.193(l)(f)(2).
The instant case is distinguishable from Romer, because Goffs first-amended complaint merely alleged myriad intentional torts-including battery, false imprisonment, and emotional distress-yet, did not otherwise allege resulting bodily injury or property damage. Goff merely claimed economic loss. For that reason, under Aetna, Goff was not entitled to obtain personal jurisdiction over Identigene under section 48.193(1) (f)(2).
Accordingly, the trial court erred in denying Identigene’s motion to dismiss for lack of personal jurisdiction. Because this issue is dispositive, we do not address procedural errors Identigene has raised.
Reversed and remanded.
PATTERSON, C.J., and NORTHCUTT, J., Concur.